# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9536 FMO (SSx) | Date | February 1, 2017 |
|---|---|---|---|
| Title | Stephen Yagman v. Ferguson Enterprises, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal of Class Claims

On December 27, 2016, pro se plaintiff Stephen Yagman ("plaintiff" or "Yagman")), filed a Complaint against several defendants relating to allegedly defective kitchen appliances. (See Dkt. 1, Complaint at ¶¶ 4-15). Although not in compliance with the Local Rules, see Local Rule 23-1 ("The title of any pleading purporting to commence a class action shall include the legend: '(Title of Pleading) Class Action.'"), the Complaint includes class action allegations. (See Dkt. 1, Complaint at ¶¶ 67-76).

"Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) "He has no authority to appear as an attorney for others than himself." Id.; see Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). The prohibition on pro se representation of others extends to class actions. See Grayton v. U.S., 514 Fed.App'x. 645, 646 (9th Cir. 2013) ("Summary judgment on [plaintiff]'s claims on behalf of a putative class was . . . proper because pro se litigants have no authority to represent anyone other than themselves."); Mackenzie v. Hutchens, 2013 WL 8291758, * 1 (C.D. Cal. 2013) ("a pro se litigant who is not an attorney is not qualified to fairly and adequately represent the interests of the members of [a] putative class.").

Here, because Yagman is appearing pro se, he may not represent the class. See Mackenzie, 2013 WL 8291758, at * 1. Also, plaintiff is aware that he may not pursue a class action without an attorney. See Yagman v. Jay Bray, et al., Case No. CV 15-5512 FMO (JCx) (ordering Yagman to retain counsel to prosecute class action); Stephan Yagman v. John Owen Brennen, CV 15-1031, TJH (Ex) Dkt. No. 21 (dismissing case filed by Yagman because attorney had not entered an appearance).

Based on the foregoing, IT IS ORDERED THAT plaintiff retain counsel to prosecute this class action, and such counsel shall enter an appearance as counsel in this matter no later than **February 10, 2017**. Failure of an attorney qualified to represent a class to make an appearance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-9536 FMO (SSx)** | Date | **February 1, 2017** |
|---|---|---|---|
| Title | **Stephen Yagman v. Ferguson Enterprises, Inc., et al.** | | |

by February 10, 2017, shall result in the dismissal of the class claims and allegations without prejudice.

Initials of Preparer    vdr